UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST AESTHETIC SURGERY NJ,<br><br>Plaintiff,<br><br>-against-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, East Coast Aesthetic Surgery NJ ("Plaintiff"), on assignment of Mitchell P., by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Cigna Health and Life Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practice registered to do business in the State of New Jersey.

2. Upon information and belief, Defendant is engaged in administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue was provided to the assignor's employer and is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

**FACTUAL BACKGROUND**

4. Plaintiff is a medical provider who specializes in plastic and reconstructive surgery.

1

5. On September 18, 2017, Plaintiff performed surgical treatment on Mitchell P. ("Patient") involving serial excisions and repairs to a lesion, after Patient was referred to Plaintiff by his oncologist. (*See*, **Exhibit A**, attached hereto.)

6. At the time of Plaintiff's treatment of Patient, Patient was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

7. Patient assigned his applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

8. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit Plaintiff's reimbursement for its treatment of Defendant's members.

9. Pursuant to the assignment of benefits, Plaintiff submitted a claim for reimbursement for its treatment of Patient in the amount of $10,100.00. (*See*, **Exhibit C**, attached hereto.)

10. In response to Plaintiff's claim, Defendant issued payment for Plaintiff's services in the total amount of $1,992.91 and indicated that the remaining $8,107.99 in Plaintiff's charges were not covered. (*See*, **Exhibit D**, attached hereto.)

11. It was not clear from Defendant's explanation of benefits why Defendant did not cover $8,107.99 in Plaintiff's charges. *Id*.

12. Plaintiff submitted multiple internal appeals to Defendant challenging Defendant's reimbursement as an underpayment under the terms of Patient's insurance plan.

13. Plaintiff also had numerous phone correspondences with representatives of Defendant during which Plaintiff requested that Defendant either issue the remaining balance of

$8,107.99 or issue a revised explanation of benefits indicating that the unpaid $8,107.99 is Patient's responsibility.

14. However, Defendant failed to issue any additional reimbursement and failed to issue a revised explanation of benefits indicating the unpaid balance of $8,107.99 to be Patient's responsibility.

15. On September 26, 2017, Plaintiff performed a second surgical procedure on Patient involving lesion removal. (*See*, **Exhibit E**, attached hereto.)

16. Plaintiff submitted a HCFA medical claim to Defendant in the amount of $9,200.00 relating to Patient's treatment of September 26, 2017. (*See*, **Exhibit F**, attached hereto.)

17. In response to Plaintiff's second claim, Defendant issued payment in the total amount of $6,650.00. (*See*, **Exhibit G**, attached hereto.)

18. Of the remaining $2,550.00 in Plaintiff's charges not covered by Defendant, $2,200.00 pertaining to Current Procedural Terminology ("CPT") Code 15275 which Defendant denied entirely. *Id*.

19. The additional $350.00 in unpaid charges resulted from a 5% discount that Plaintiff granted Defendant. That is, for those CPT Codes that Defendant reimbursed, Plaintiff's billed charges totaled $7,000.00, of which Defendant paid $6,650.00, or 95%. *Id*.

20. The reason Defendant denied coverage for CPT Code 15275 is because Plaintiff did not receive pre-authorization for that code.

21. However, as Plaintiff explained in its internal appeal, the reason Plaintiff did not request pre-authorization for CPT Code 15275 was because the necessity for Plaintiff to perform

the treatment relating to that code only became apparent once Patient's surgery was in progress. (*See*, **Exhibit H**, attached hereto.)

22. As stated in Plaintiff's internal appeal, failure to perform treatment code 15275 when it became apparent that the treatment was necessary would have compromised Patient's health. *Id*.

23. However, Defendant failed to issue any additional reimbursement in response to Plaintiff's appeal and failed to respond to Plaintiff's explanation as to why the subject treatment code was not pre-authorized.

24. Upon information and belief, Defendant failed to reimburse Plaintiff for the treatment and services provided to Patient in accordance with the terms of Patient's insurance plan.

25. Upon information and belief, under the terms of Patient's insurance plan, Defendant should have reimbursed Plaintiff an additional $10,307.99 for the treatment and services provided to Patient.

26. As a result, Plaintiff has been damaged in the total amount of $10,307.99

27. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. Plaintiff avers this Count to the extent ERISA governs this dispute.

30. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

31. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

32. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

33. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

34. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

37. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

38. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

39. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

40. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

41. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

42. Here, when Defendant acted to partially deny payment for the medical bill at issue, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among

6

other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

43.   Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $10,307.99;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under the applicable insurance plan or policy administered by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.


Dated: New York, NY
      April 28, 2020

                            SCHWARTZ SLADKUS
                            REICH GREENBERG ATLAS LLP
                            *Attorneys for Plaintiff*


                  By:    /s/ Michael Gottlieb
                          Michael Gottlieb
                          444 Madison Avenue
                          New York, NY 10022
                          (212) 743-7054